## A. L. LARSON ET AL V. N. O. ELLISON, JR.

No. A-1930. Decided February 16, 1949.
(217 S. W., 2d Series, 420.)

*A. H. Lumpkin,* of San Antonio, for petitioners.

The objection to the charge of court urged by respondents was waived by them because they failed to object to it at the time it was submitted. Texas Rules Civil Procedure 274, 277; Texas State Highway Dept. v. Reeves, 161 S. W. (2d) 357; Dean v. Safety Casualty Co., 190 S. W. (2d) 750.

*Lang, Byrd, Cross & Ladon, Leslie Byrd, Maverick, Putman & Putman, John R. Shook,* and *Burton Morris,* all of San Antonio, for respondents.,

MR. JUSTICE SIMPSON delivered the opinion of the Court.

In this case the Court of Civil Appeals reversed the judgment of the trial court solely because that court charged the jury on circumstantial evidence. 217 S. W. (2d) 416. The questioned charge reads:

"You are instructed that any fact before you may be established by circumstantial evidence or direct evidence, or both. A fact is established by direct evidence when proved by witnesses who saw the acts done or heard the words spoken, or by documentary evidence. A fact is established by circumstantial evidence when the fact is fairly and reasonably inferred from other facts proved in the case."

The proofs embraced both direct and circumstantial evidence. The plaintiffs alleged the defendants were partners. There were no written articles of partnership, and N. O. Ellison, Jr., the only defendant to appeal, denied its existence. His activities in connection with the alleged partnership enterprise, which indisputably owed the plintiffs the sums sued for, were ambiguous and the subject of much argument. Ellison claimed the interest he was showing arose from his having loaned the concern some guardianship funds. The plaintiffs argued many circumstances which they contended refuted Ellison's claim of a loan rather than the purchase of a partnership interest, and inferentially proved the averments of partnership. To detail these facts would serve no particular purpose. It cannot be at all doubted that the evidence on the issue of partnership was at least partially circumstantial. This the Court of Civil Appeals does not appear to question, but it has reached the following conclusion: "This was not a proper case in which to charge upon circumstantial evidence, and the incorrect charge given was undoubtedly misleading to the jury. Johnson v. Zurich General Accident & Liability Ins. Co., 146 Texas 232, 205 S. W. (2d) 353."

■ That court appears to have been prompted in part to order a reversal because the charge itself was considered incorrect. The instruction was criticized because it employed the verb "is" instead of "may be." While the instruction was not exactly worded as it might well have been, the looseness of the use of the verbs could not have misled the jury. Moreover, this supposed defect was not pointed out in the objections to the court's charge. If there was anything substantially wrong with the wording of the instruction, which we doubt, it was waived by failure to object. Rule 274, Texas Rules of Civil Procedure.

The Court of Civil Appeals cites the Zurich case, supra, in support of its view that there was reversible error in giving this circumstantial evidence charge. To the contrary, the reasoning in that case appears rather to be authority for an opposite conclusion. It held there was no error in refusing to give an instruction on circumstantial evidence. The court observed that: "In practically all cases some of the evidence is circumstantial. Surely a jury understands that it is its function to make reasonable inferences from proven facts, and we are unwilling to sanction a rule based upon the hypothesis that it does not." In that case the court declined to reverse a judgment because of a trial court ruling which manifestly did not prejudically affect the substantial rights of the complaining party. The philosophy of that holding is in entire harmony with the Texas Rules of Civil Procedure, which seek to avoid reversal of causes for procedural lapses or irregularities unless the error assigned "amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court." Rule 434.

■ If the charge on circumstantial evidence had not been given, still, as was suggested in the Zurich case, the jurors as men of common sense and sound judgment would certainly have been at liberty, in arriving at a verdict, to make reasonable inferences from proven facts. It is hard indeed to see how Ellison's rights were prejudiced simply because the court instructed the jury in effect they could arrive at their verdict on the basis of direct or circumstantial evidence or both, since everyday experience tells us the jury would have done that very thing in the absence of the instruction.

It is inconceivable that the giving of the questioned charge

could in any wise have caused the rendition of an improper judgment. Nor is there anything in the record suggesting that Ellison was prevented by reason of this charge from fully presenting his case to the Court of Civil Appeals. We are unable to agree with the able arguments advanced by his counsel that his substantial rights have been injuriously affected. The complaint presents no reversible error.

Nor was any reversible error raised by the other assignments contained in Ellison's brief in the Court of Civil Appeals.

For the reasons stated, the judgment of the Court of Civil Appeals is reversed and that of the district court affirmed.

Opinion delivered February 16, 1949.

No motion for rehearing filed.