Castulo Diaz **DE LEON**, Appellant,

v.

**FURR'S SUPERMARKETS, INC.**, Appellee.

No. 08–99–00004–CV.

Court of Appeals of Texas, El Paso.

July 19, 2000.

Rodrigo V. Ramos, El Paso, for Appellant.

Mark C. Walker, Steven L. Hughes, Mounce, Green, Myers, Safi & Galatzan, El Paso, for Appellee.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

*OPINION*

RICHARD BARAJAS, Chief Justice.

This is an appeal from a jury verdict entered in favor of Appellant in a negligence cause of action. The damages award was reduced by 50 percent to account for Appellant's proportionate responsibility. For reasons stated below, we reverse the judgment to the extent that it reduced Appellant's damages, we modify the judgment to reflect Appellant's full recovery, and we affirm the judgment as modified.

## I. *SUMMARY OF THE EVIDENCE*

On November 2, 1992, Castulo Diaz De Leon ("De Leon"), an employee of Furr's Supermarkets, Inc., ("Furr's"), was summoned from the front office to investigate a shoplifting incident. As he was looking for the shoplifter, De Leon became injured when he slipped on water which had accumulated near one of the checkout stands. De Leon then brought suit against Furr's for negligence.[1] In its answer, Furr's raised the following defense:

> Subject to the above pleadings, Defendant alleges that on the occasion in question, the Plaintiff failed to keep such a proper lookout for his own safety that a reasonable and prudent person, using ordinary care, would have kept under the same or similar circumstances, and that such failure was a proximate cause, or the sole proximate cause of this accident and any and all of the Plaintiff's alleged damages and/or injuries.

Over De Leon's objections, the trial court submitted a jury question which asked the jury to assign the percentage of negligence attributable to each party. After assigning 50 percent of the fault to Furr's and 50 percent to De Leon, the jury assessed De Leon's total damages at $35,-

---

1. Because Furr's is a nonsubscriber under the workers' compensation act, De Leon brought suit for negligence in accordance with TEX. LAB.CODE ANN. § 406.033(d) (Vernon 1996), which states: "In an action described by Subsection (a) against an employer who does not have workers' compensation insurance coverage, the plaintiff must prove negligence of the employer or of an agent or servant of the employer acting within the general scope of the agent's or servant's employment."

500, thus enabling him to recover 50 percent of that figure or $17,750. De Leon brings this appeal.

## II. *DISCUSSION*

In four issues on appeal, Appellant argues that the issue of contributory or comparative negligence should not have been presented to the jury because (1) Section 33.002(c)(1) of the Civil Practice and Remedies Code specifically excludes cases brought for workers' compensation benefits from the proportionate responsibility statute; (2) Section 406.033 of the Texas Labor Code excludes contributory negligence issues in nonsubscriber negligence cases; and (3) the issue was not raised in Appellee's pleadings.

### A. Preservation of Error

■ Before addressing the merits of these arguments, we will determine whether Appellant preserved error with respect to each of his contentions. Tex.R. Civ. P. 274 provides: "A party objecting to a charge must point out distinctly the objectionable matter and the grounds of the objection. Any complaint as to a question, definition, or instruction, on account of any defect, omission, or fault in pleading, is waived unless specifically included in the objections." In *State Dept. of Highways v. Payne*, 838 S.W.2d 235, 241 (Tex.1992), the Court stated: "There should be but one test for determining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling."

Here, the trial court submitted the following jury questions:

Question Number One: "Did the negligence, if any, of those named below proximately cause the occurrence in question?" The court then listed Castulo Diaz De Leon and Furr's Supermarket's Inc.

Question Number Two: "What percentage of the negligence that caused the occurrence do you find to be attributable to each of those found by you, in your answer to Question 1, to have been negligent?"

Question Number Three: "What sum of money, if paid now in cash, would fairly and reasonably compensate CASTULO DIAZ DE LEON for injuries, if any, that resulted from the occurrence in question? ... Do not reduce the amounts, if any, in your answers because of the negligence, if any of CASTULO DIAZ DE LEON."

■ In response to these questions, Appellant's counsel made the following objections:

The question that the Court submitted as Question Number 1 puts in there, in the section for negligence, Castulo Diaz De Leon as a blank for that. It's well-established case law in Texas that in a nonsubscriber situation, as we have here, there should not and there never has been, in El Paso court, at least, a submission of Castulo Diaz De Leon being negligent in an employer situation. The only proper party to be submitted to ask the jury if they were negligent is Furr's Supermarkets, Incorporated. Castulo Diaz De Leon should not be submitted as a person to consider his negligence. There's no evidence in this case at all that he was negligent. There's insufficient evidence, certainly, of that. And we would object strenuously to that submission.

Plaintiff would further object to Question Number 2, which deals with the percentage of negligence between Castulo Diaz De Leon and Furr's Supermarkets, Incorporated. Plaintiff would object to this entire question, as there should not be any submission or any percentage attribution between the negligence of Castulo Diaz De Leon and Furr's Supermarkets, Incorporated, since the issue of negligence for Castulo Diaz De Leon should not be considered at all in this charge.

Plaintiff would further object to using the definition of negligence in respect to Mr. Castulo Diaz De Leon at all.

Plaintiff would also object to the portion of the Court's charge in Question Number 3, which reads as follows: Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Castulo Diaz De Leon. As previously stated, there should be no submission of the negligence of Castulo Diaz De Leon in this case, and we would object to that portion as a comment on the weight of the evidence; and there is no supporting case law to submit that type of information to the jury.

Appellant's objection was sufficient to satisfy the first element of Rule 274, as it properly identifies the objectionable matter (the inclusion of the proportionate responsibility language). With regard to the second element of Rule 274, Appellant asserted the following as grounds for his objections: (1) it is "well-established case law" that there should not be a submission of an employee's negligence; (2) there is insufficient evidence or no evidence of Appellant's negligence; (3) informing the jury to not decrease the damage award by the percentage of Appellant's negligence, if any, amounts to a comment on the weight of the evidence; and (4) there is no case law supporting the charge. Under these circumstances, we believe that Appellant preserved error.

### B. Standard of Review

The standard of review for charge error is whether the trial court abused its discretion. *Texas Dept. of Human Services v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990); *Holeman, E.W. v. Landmark Chevrolet Corp.*, 989 S.W.2d 395, 397 (Tex. App.—Houston [14th Dist.] 1999, writ denied) (citing *Varme v. Gordon*, 881 S.W.2d 877, 881 (Tex.App.—Houston [14th Dist.] 1994, writ denied)). Our review requires

that we consider the pleadings of the parties, the evidence presented at trial, and the charge in its entirety. *Id.* at 397 (citing *Island Recreational Dev. Corp. v. Republic Of Texas Sav. Ass'n*, 710 S.W.2d 551, 555 (Tex.1986)). We may not reverse unless the error, when viewed in light of the totality of the circumstances, amounted to such a denial of the rights of the complaining party as was reasonably calculated and probably did cause rendition of an improper judgment. *Id.* However, whether the charge has submitted the controlling issues in the case, in terms of theories of recovery or defense, is a question of law which we review *de novo*. *Fuller–Austin Insulation Co. v. Bilder*, 960 S.W.2d 914, 917 (Tex.App.—Beaumont 1998, no writ) (citing *Continental Cas. Co. v. Street*, 379 S.W.2d 648, 651 (Tex.1964); and *McFarland v. Sanders*, 932 S.W.2d 640, 644 (Tex. App.—Tyler 1996, no writ)).

### C. Analysis

Appellant argues that the trial court erred when it permitted the jury to consider the issue of proportionate responsibility because in nonsubscriber negligence cases, proportionate responsibility cannot, by virtue of certain statutory exclusions, be considered by the jury. In support of this argument, Appellant cites TEX. LAB.CODE ANN. § 406.033(d) (Vernon 1996),[2] which states: "In an action described by Subsection (a) against an employer who does not have workers' compensation insurance coverage, the plaintiff must prove negligence of the employer or of an agent or servant of the employer acting within the general scope of the agent's or servant's employment." Subsection (a) of that section states:

In an action against an employer who does not have workers' compensation insurance coverage to recover damages for personal injuries or death sustained by an employee in the course and scope

---

**2.** This section is entitled "Common–Law Defenses; Burden of Proof" and is located in

Title 5 (Workers' Compensation).

of the employment, it is not a defense that: (1) the employee was guilty of contributory negligence; (2) the employee assumed the risk of injury or death; or (3) the injury or death was caused by the negligence of a fellow employee.

Tex. Lab.Code Ann. § 406.033(a) (Vernon 1996). Appellant argues that because Subsection (a) specifically prohibits any consideration of the employee's contributory negligence in nonsubscriber negligence cases, the proportionate responsibility statute must necessarily be barred because if it were applied, in order to apportion responsibility among the parties, the employee's contributory negligence would have to be considered.

 The issue of whether a jury may consider the negligence, if any, of an employee in a Section 406.033 cause of action was recently decided by the Texas Supreme Court in *The Kroger Co. v. Keng*, 23 S.W.3d 347, 348 (Tex. 2000). In that case, Keng, a Kroger employee, sued Kroger, a nonsubscriber under the workers' compensation statutes, for negligence in connection with an accident which occurred while Keng was performing her job duties. The trial court denied Kroger's requested jury question which would have enabled the jury to consider Keng's own negligence. The jury found in favor of Keng. On appeal, Kroger argued that the trial court erred when it failed to include a jury question on comparative responsibility. The Tyler Court of Appeals disagreed and affirmed the judgment of the trial court. Kroger then filed a petition for review with the Texas Supreme Court. The court granted the petition and held:

> Contributory negligence contemplates an injured person's failure to use ordinary care in regard to his or her own safety.... This affirmative defense requires proof that the plaintiff was negligent and that the plaintiff's negligence proximately caused his or her injuries.... Because comparative responsibility involves measuring the parties' comparative fault in causing the plain-

tiff's injuries, it necessitates a preliminary finding that the plaintiff was in fact contributorily negligent.... Yet, section 406.033 prohibits this finding. It follows that by expressly precluding employers from relying on common-law contributory negligence, section 406.033 effectively prohibits an employer from relying on the statutory comparative-responsibility defense.

*Keng*, 23 S.W.3d 347, 351 (Tex. 2000).

Based on the Texas Supreme Court's decision in *Keng*, we hold that the trial court erred by allowing the jury to consider Appellant's proportionate fault. Accordingly, we reverse the judgment to the extent that it reflects a decrease in the damages award, we modify the judgment to reflect full recovery in the amount of $35,500, and we affirm the judgment as modified.