COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ALFIJI, S.A. de C.V., | § | No. 08-07-00218-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law Number Three |
| PHYLLIS WOODAL and JEANNIE COUTTA , | § | |
| | | of El Paso County, Texas |
| | § | |
| Appellees. | | (TC#2005-1649) |
| | § | |

**O P I N I O N**

This is an appeal from a jury finding of unjust enrichment upon which the Appellees were awarded $245,000 plus $48,053.56 in prejudgment interest. Alfiji S.A. de C.V. brings two issues for review. First, it complains of the denial of a special appearance. Second, it complains of charge error. For the reasons that follow, we affirm.

**STATEMENT OF FACTS**

In 1995, the parties to this lawsuit formed a Mexican corporation known as Alfiji, S.A. de C.V. to purchase property in Ciudad Juarez, Mexico. Dr. Alejandro Guerrero-Reyes initially met with Appellees, Jeannie Sue Coutta and Phyllis Woodal, at Coutta's home in El Paso, Texas. According to Appellees, Guerrero-Reyes represented that he needed money to avoid foreclosure on property in Juarez where he operated his medical practice. As a result of this meeting and based on Guerrero-Reyes's representations, Appellees advanced $255,000 and Alfiji was created. The nature of this "advance" is disputed. Guerrero-Reyes testified that he owned 51 percent of the stock in Alfiji, while Appellees owned 49 percent. He considered Appellees to be his partners, although he admitted that the monies advanced were not reflected on the corporate books and records.

Appellees, on the other hand, considered the monies a loan that would be secured by the real estate owned by Alfiji and repaid in monthly installments. Guerrero-Reyes denied that he ever told Appellees that they would recover their money, but he did admit that they would be paid dividends if there were ever a gain or profit Because there were never any profits, there were never any distributions.

Guerrero-Reyes built a medical facility and operated his practice on the Alfiji property in Juarez, but Appellees received no payments from 1995 to 1997. During 1998, Appellees received payments totaling $10,000. Once again, the nature of this "payment" is disputed. Guerrero-Reyes claims he purchased Appellees' interest in Alfiji and that the Appellees were no longer "involved" with the company. Coutta testified that there was never an agreement for Appellees to sell their interest. The record is devoid of any documents evincing such a sale. At the time of trial, the Juarez property was worth $1.2 million.

Appellees filed suit against Alfiji on March 9, 2005. Guerrero-Reyes filed a special appearance, alleging that Alfiji was a Mexican corporation. He pled that he, Guerrero-Reyes, is not a resident of Texas, has not engaged in business in Texas, does not maintain a place of business in Texas, and that neither he nor his property is amenable to process. Appellees filed a response, alleging that the money was advanced in El Paso, Texas, and that all negotiations took place in El Paso, Texas. Attached to the response was a portion of Guerrero-Reyes's deposition in which he testified that he was living in El Paso, Texas. The trial court denied the special appearance and Alfiji filed a general denial.

**SPECIAL APPEARANCE**

In Issue One, Alfiji complains that the trial court improperly denied its special appearance. The plaintiff bears the initial burden of pleading sufficient allegations to bring a non-resident

defendant within the personal jurisdiction of a Texas court. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 793 (Tex. 2002). The non-resident then assumes the burden of negating all bases of jurisdiction in those allegations. *Id.*

Whether a trial court has personal jurisdiction over a defendant is a question of law, which we review *de novo*. *Id.* at 794. However, the trial court frequently must resolve questions of fact before deciding the question of jurisdiction. *Id.* If a trial court enters an order denying a special appearance and issues findings of fact and conclusions of law, the fact findings may be challenged for legal and factual sufficiency. *Id.* Where, as here, the trial court does not issue findings, all fact findings necessary to support the judgment and supported by the evidence are implied. *Id.* at 795.

A special appearance may be made by any party either in person or by attorney for the purpose of objecting to the exercise of personal jurisdiction over the defendant's person or property. TEX.R.CIV.P. 120a. Here, Appellees sued Alfiji, S.A. de C.V., a Mexican corporation. Guerrero-Reyes was not named as a defendant, nor was any relief sought against him in his individual capacity. Nevertheless, the special appearance was filed by Guerrero-Reyes individually. He identified himself in the pleading as "Defendant in the above-styled and numbered cause" and in the verification as "**the** Defendant in the above-entitled and numbered cause" [emphasis added]. He did in passing object "to the jurisdiction of the Court over the Defendant ALFIJI, S.A. de C.V. a Mexican Corporation . . . ." But he offered no explanation of his role in representing the corporation, as owner, shareholder, or otherwise. More problematic, Alfiji has not brought forward the reporter's record from the evidentiary hearing conducted on the special appearance. We must therefore presume that the record supports the trial court's ruling. We overrule Issue One.

### CHARGE ERROR

We review charge error for an abuse of discretion standard, recognizing that broad-form

submission is favored. *Financial Ins. Co. v. Ragsdale*, 166 S.W.3d 922, 926 (Tex.App.–El Paso 2005, no pet.); *see* TEX.R.CIV.P. 277. "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003), *citing Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). In reviewing the charge, we consider the pleadings, the evidence presented at trial, and the charge in its entirety. *De Leon v. Furr's Supermarkets, Inc.,* 31 S.W.3d 297, 300 (Tex.App.–El Paso 2000, no pet.). Even if the trial court has abused its discretion, we reverse only where the error is shown to be harmful. *Boatland of Houston, Inc. v. Bailey*, 609 S.W.2d 743, 749-50 (Tex. 1980). "We may not reverse unless the error, when viewed in light of the totality of the circumstances, amounted to such a denial of the rights of the complaining party as was reasonably calculated and probably did cause rendition of an improper judgment." *Braudrick v. Wal-Mart Stores, Inc.*, 250 S.W.3d 471, 475 (Tex.App.–El Paso 2008, no pet.), *quoting De Leon,* 31 S.W.3d at 300. Whether the charge submits the proper controlling issues, in terms of theories of recovery or defense, is a question of law which we review *de novo*. *Financial Ins. Co.*, 166 S.W.3d at 926; *De Leon*, 31 S.W.3d at 300; *Braudrick*, 250 S.W.3d at 475.

The trial court submitted two questions:

QUESTION NO. ONE

Did ALFIJI obtain a benefit from Plaintiffs by fraud, duress or taking of undue advantage of Plaintiffs?

Fraud is not a requisite component for recovery under an unjust enrichment theory. Unjust enrichment is based on the equitable principle that one who receives benefits unjustly should make restitution for those benefits.

ANSWER: _____

If your answer to Question No. 1 is Yes, then answer the following question. Otherwise do not answer the following question.

QUESTION NUMBER TWO

What sum of money, if any, if paid now in cash would fairly and reasonably compensate Plaintiffs for their damages resulting from ALFIJI's unjust enrichment? Do not add any amount for interest on damages, if any. Answer in dollars and cents or zero.

ANSWER: _____

The jury answered Question One in the affirmative and awarded Appellees $245,000.

In general, there can be no recovery under a quasi-contract theory when a valid, express contract covers the subject matter of the parties' dispute. *Fortune Production Co. v. Conoco, Inc*., 52 S.W.3d 671, 684 (Tex. 2000), *citing TransAmerican Natural Gas Corp. v. Finkelstein*, 933 S.W.2d 591, 600 (Tex.App.–San Antonio 1996, writ denied) and *Southwestern Electric Power Co. v. Burlington Northern Railroad Co.*, 966 S.W.2d 467, 469-70 (Tex. 1998) (observing that overpayments under a contract can be recovered under a theory of restitution or unjust enrichment). When a valid agreement already addresses the matter, recovery under an equitable theory is generally inconsistent with the express agreement. *TransAmerican Natural Gas Corp.*, 933 S.W.2d at 600.

Appellant contends that an express agreement covers the subject matter of the underlying suit. Certainly, if an express agreement did exist, the question on unjust enrichment would have

been improper. But after an exhaustive review of the record, we can find no document addressing how the $255,000 was to be repaid, if at all. In the absence of an express agreement, the theory of unjust enrichment was properly presented to the jury. We overrule Issue Two and affirm the judgment of the trial court.


ANN CRAWFORD McCLURE, Justice

March 19, 2009

Before McClure and Carr, JJ., and Gomez, Judge
Carr, J., not participating
Gomez, Judge, sitting by assignment