ACCEPTED
14-15-00628-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
12/21/2015 3:18:30 PM
CHRISTOPHER PRINE
CLERK

No. 14-15-00628-CV

_____

IN THE COURT OF APPEALS FOR THE
FOURTEENTH DISTRICT OF TEXAS
HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
12/21/2015 3:18:30 PM
CHRISTOPHER A. PRINE
Clerk

_____

**DEBBIE PATTILLO**,

Appellant,

v.

**SYLVIA FRANCO,**

Appellee

_____

On Appeal from Cause No. 1024502
County Court at Law No. 4, Harris County, Texas
Honorable Roberta Lloyd, Presiding Judge

_____

**APPELLEE'S BRIEF**

_____

**BARBARA L. HACHENBURG**
State Bar No. 08667070
bhachenburg@germer.com
**KELLI B. SMITH**
State Bar No. 24008053
ksmith@germer.com

Three Allen Center
333 Clay Street, Suite 4950
Houston, Texas 77002
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
bhachenburg@germer.com
ksmith@germer.com

**ATTORNEYS FOR APPELLEE**

**ORAL ARGUMENT IS NOT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 38.1(a), Appellee provides this list of all parties to the order

appealed from and the names and addresses of all trial and appellate counsel:

**Plaintiff/Appellant**:                           Debbie Pattillo

**Counsel for Plaintiff/Appellant:**               Scott G. Robelen
                                                   State Bar No. 16990045
                                                   BAILEY & GALYEN
                                                   4131 N. Central Expressway, Suite 860
                                                   Dallas, Texas  75204
                                                   Phone:  (214) 252-9099
                                                   Fax:  (214) 520-9941
                                                   srobelen@galyen.com

**Defendant/Appellee**:                            Sylvia Franco

**Appellate Counsel for**                          Barbara L. Hachenburg
**Defendant/Appellee:**                            State Bar No. 08667070
                                                   bhachenburg@germer.com
                                                   Kelli B. Smith
                                                   State Bar No. 24008053
                                                   ksmith@germer.com
                                                   GERMER PLLC
                                                   Three Allen Center
                                                   333 Clay Street, Suite 4950
                                                   Houston, Texas  77002
                                                   Phone:  (713) 650-1313
                                                   Fax:  (713) 739-7420

**Trial Counsel for**                              Allen A. King
**Defendant/Appellee:**                            State Bar No. 11433490
                                                   DAVID BLACK & ASSOCIATES
                                                   1221 Lamar, Suite 900
                                                   Houston, Texas 77010
                                                   Phone:   (713) 437-8200
                                                   Fax:      (855) 460-3974
                                                   texs.law-dblackassoc@statefarm.com

ii

# TABLE OF CONTENTS

**PAGE**

IDENTITY OF PARTIES AND COUNSEL ............................................................... ii

TABLE OF CONTENTS ....................................................................................... iii

INDEX OF AUTHORITIES .....................................................................................v

STATEMENT OF THE CASE ................................................................................ vii

STATEMENT REGARDING ORAL ARGUMENT ................................................... vii

ISSUE PRESENTED ......................................................................................... viii

STATEMENT OF FACTS .......................................................................................1

SUMMARY OF THE ARGUMENT..........................................................................5

STANDARD OF REVIEW.......................................................................................5

ARGUMENT ........................................................................................................7

    **I.**     **The trial court did not abuse its discretion by refusing Plaintiff's requested jury instruction on circumstantial evidence, nor did such refusal result in an improper verdict .........7**

    **II.**     **The trial court did not abuse its discretion by refusing Plaintiff's requested jury instruction on the "Eggshell Skull" Rule, nor did such refusal result in an improper verdict ..........................................................................10**

CONCLUSION AND PRAYER ..............................................................................11

CERTIFICATE OF SERVICE ...............................................................................13

CERTIFICATE OF COMPLIANCE.........................................................................13

APPENDIX......................................................................................................................14

# INDEX OF AUTHORITIES

## CASES

*Adams v. Valley Fed. Credit Union*, 848 S.W.2d 182 (Tex. App.—
Corpus Christi 1992, writ denied) ...................................................................8

*Boatland of Houston, Inc. v. Bailey,* 609 S.W.2d 743 (Tex. 1980) .........................6

*Carter v. Johnson*, No. 04-11-00088-CV, 2012 WL 566089 (Tex. App.—
San Antonio 2012, no pet.) ..........................................................................11

*Daniels v. Southwestern Transp.*, 621 S.W.2d 188 (Tex. App.—
Texarkana 1981, no writ)................................................................................8

*DeLeon v. Furr's Supermkts., Inc.,* 31 S.W.3d 297 (Tex. App.—El Paso
2000, no pet.) ...................................................................................................6

*Gutierrez v. People's Management of Texas I, Ltd.*, 277 S.W.3d 72 (Tex.
App.—El Paso 2009, pet. denied) ...............................................................5, 6

*Jackson v. Fontaine's Clinics, Inc.,* 499 S.W.2d 87 (Tex. 1973) ............................6

*Johnson v. Zurich General Acc. & Liab. Ins. Co.*, 205 S.W. 2d 353 (Tex.
1947) .................................................................................................................7

*Larson v. Ellison*, 217 S.W.2d 420 (Tex. 1949) .....................................................7

*Lozano v. Lozano*, 52 S.W.3d 141 (Tex. 2001) .......................................................9

*Owens–Corning Fiberglas Corp. v. Martin,* 942 S.W.2d 712 (Tex.
App.—Dallas 1997, no pet.)...........................................................................6

*Walker v. Gutierrez,* 111 S.W.3d 56 (Tex. 2003).....................................................5

*Wal–Mart Stores, Inc. v. Middleton,* 982 S.W.2d 468 (Tex. App.—San
Antonio 1998, pet. denied) .........................................................................5, 6

# RULES AND STATUTES

TEX. R. CIV. P. 277 ...........................................................................................5,6

TEX. R. CIV. P. 278 ...............................................................................................6

## STATEMENT OF THE CASE

This lawsuit arises from a minor traffic accident. (Clerk's Record "CR" at 4). Defendant/Appellee Sylvia Franco stipulated to liability, and Plaintiff Debbie Pattillo's damages were tried to a jury. (CR at 36). Following a one-day trial, the jury awarded Plaintiff no damages. (CR at 39). Honorable Roberta Lloyd, presiding judge of County Court at Law No. 4, Harris County, Texas, subsequently entered judgment on the verdict for Defendant. (CR at 56).

By way of this appeal, Plaintiff complains that the trial court erred in refusing to submit requested instructions to the jury on circumstantial evidence and the Eggshell Skull Rule.

## STATEMENT REGARDING ORAL ARGUMENT

Defendant does not believe that oral argument would aid the Court in its determination of this appeal, because the legal issues are not complex and the record is relatively short and speaks for itself.

## ISSUES PRESENTED

I.      Did the trial court act within in its discretion when it refused Plaintiff's requested jury instruction on circumstantial evidence?  Was the trial court's refusal to provide such an instruction harmless?

II.     Did the trial act within its discretion when it refused Plaintiff's requested jury instruction on the Eggshell Skull Rule?  Was the trial court's refusal to provide such an instruction harmless?

## STATEMENT OF FACTS

Plaintiff and Defendant were involved in a minor vehicle accident on December 22, 2010. (CR at 5). They were in stop-and-go traffic, when Defendant "bumped" the rear of the rental car Plaintiff was driving. (Volume 1 of the Reporter's Record "1 RR" at 44, 58-59). Defendant checked on Plaintiff, who stated she was okay. (1 RR at 45, 59). No one called for an ambulance. *Id.* Instead, Defendant exchanged insurance information with Plaintiff, and both went about their way. (1 RR at 45, 60-61).

Defendant testified there was no damage to her vehicle other than a very slight dent on her license plate. (1 RR at 60-61). Likewise, the rental car that Plaintiff was driving sustained very little damage. In fact, Plaintiff continued driving the same rental car for the next couple of days, until it was time to turn it in on Christmas Eve. (1 RR at 45-46).

Plaintiff celebrated Christmas as planned and was off of work through the New Year holiday. (1 RR at 46). Plaintiff returned to work after the first of the year without raising any complaints. *Id.* Finally, on January 12, 2011—about three weeks after the accident—Plaintiff decided to seek medical care for low back pain. *Id.*

Plaintiff went to a chiropractor based on a friend's recommendation and reported that her low back was injured in the automobile accident. (1 RR at 47.

1

Plaintiff was eventually diagnosed with a lumbar herniated disk and received epidural steroid injections ("ESI") in April and June 2011. (Volume 2 of the Reporter's Record "2 RR," Plaintiff's Exhibits 3 and 7). She had no medical treatment in 2012 or 2013. (1 RR at 48-49). She had a third ESI more than three years later in August 2014. (1 RR at 49).

Significantly, Plaintiff had a history of low back pain for several years prior to the accident. In a Patient Condition questionnaire, Plaintiff stated the onset of her lower back pain was "2008." (2 RR, Plaintiff's Exhibit 1 at p. 53, attached as Appendix Tab 1). When asked whether and when she had seen another doctor for this condition, she indicated yes, in October 2010. *Id.* In fact, Plaintiff had visited her doctor at the Kelsey Seybold Clinic in August 2010—just four months prior to the accident—and sought treatment for "constant" low back pain. (2 RR, Defendant's Exhibit 1 at 2, 5, attached as Appendix Tab 2; *see also* 1 RR at 42, 43). Plaintiff's doctor prescribed her a 90 day supply of Methocarbamol (a muscle relaxant) for back pain and muscle spasms. (1 RR at 43-44, 2 RR, Defendant's Exhibit 1 at 3,4). Plaintiff's prescription ran out just a few weeks prior to the accident. (1 RR at 43-44).

Remarkably, Plaintiff testified during direct examination at trial that she had never previously sought treatment for an injury to her back:

Q:    Prior to this accident here, had you ever sustained an injury to your back?

2

A: Not to my back. Not that I recall. I pulled a muscle from exercising.

Q: Had you ever sought treatment for injury to your back prior to the accident that we are here about today?

A: No, not to my back.

(1 RR at 21-22). During cross examination, however, Plaintiff admitted that she had prior treatment for a back injury. As an explanation for her impeached testimony, she stated, "I didn't recall that, sorry." (1 RR at 44).

In addition to low back pain, Plaintiff also complained to the chiropractor that her *left* shoulder was sore following the accident. (2 RR, Plaintiff's Exhibit 1 at 37, attached as Appendix Tab 3). During trial, Plaintiff denied ever having any prior treatment on her shoulder and testified that she believed her shoulder was injured in the accident—"that's when I noticed pain in the shoulder." (1 RR at 22). According to medical records, however, Plaintiff reported "a chronic 2-year history of left shoulder pain." (2 RR, Plaintiff's Exhibit 1 at 37, Appendix Tab 3).

Plaintiff had an MRI performed on her *left* shoulder and was diagnosed with a strain and bone contusion. (2 RR, Plaintiff's Exhibit 1 at 14). During trial, however, Plaintiff was obviously confused about which shoulder she purportedly injured in the accident. She testified that it was her *right* shoulder that was injured in the accident (1 RR at 28) ("My left one. –excuse me, my right one.") And

when discussing how the driver-side seatbelt bruised her shoulder, she grabbed her *right* shoulder. (1 RR at 52).

After the close of evidence, the trial court conducted a brief charge conference. (1 RR at 62-67). Plaintiff's counsel requested an instruction on circumstantial evidence and the "Eggshell Skull" Rule. (1 RR at 66-67; and CR at 47). The trial court refused both instructions. *Id.*

Plaintiff's counsel nevertheless argued to the jury that they should consider the circumstantial evidence with regard to Plaintiff's injury. (1 RR at 67, 74). Plaintiff's counsel also argued that *if* Plaintiff had a pre-existing condition, Defendant was responsible for aggravating it:

> There is no evidence that this lady suffered the type of injury she has had right now any time before this collision. Did she have a herniated disk before this collision? Who knows? Who can say. We know one thing though. If she did, it wasn't bothering her. She went to the clinic, for upper respiratory infection, some spasms in her back and they gave her some pills and she was fine. She was fine…. This is a circumstantial case. That's the best we can do in a case like this because there wasn't an MRI done the moment of this collision. But I can tell you what the evidence is, and that is the pain is different. She had no problems in the months before this collision except for that one visit with the doctor, and now her records are replete with what she is going through. The radiating pain, the dulling pain, the numbness. Never had that before….

(1 RR at 74-75).

The trial court then read the charge to the jury, who was asked to determine what sum of money would provide fair and reasonable compensation for Plaintiff's

4

injuries, if any "that resulted from the occurrence in question." (CR at 36). The jury returned its verdict awarding Plaintiff no damages. (CR at 39). The trial court entered judgment on the verdict, and this appeal ensued. (CR at 56, 58).

## SUMMARY OF THE ARGUMENT

The trial court acted within its discretion in refusing to submit Plaintiff's requested instructions to the jury on circumstantial evidence and the Eggshell Skull rule. The trial court's decision was not arbitrary or unreasonable and did not result in an improper verdict. This Court should therefore affirm the trial court's judgment for Defendant.

## STANDARD OF REVIEW

A trial court's submission of jury questions and instructions is reviewed under an abuse-of-discretion standard. *Gutierrez v. People's Management of Texas I, Ltd.*, 277 S.W.3d 72, 77 (Tex. App.—El Paso 2009, pet. denied). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Walker v. Gutierrez,* 111 S.W.3d 56, 62 (Tex. 2003).

A trial court is afforded more discretion when submitting jury instructions than when submitting jury questions. *Wal–Mart Stores, Inc. v. Middleton,* 982 S.W.2d 468, 470 (Tex. App.—San Antonio 1998, pet. denied). However, the discretion afforded during the submission of instructions is not absolute. *See*

TEX.R. CIV. P. 277. Pursuant to Rule 277, a trial court must submit instructions "as shall be proper to enable the jury to render a verdict." *Id.* For an instruction to be proper, it must: (1) assist the jury, (2) accurately state the law, and (3) find support in the pleadings and evidence. TEX.R. CIV. P. 277, 278; *Middleton,* 982 S.W.2d at 470. An instruction that misstates the law as applicable to the facts or one that misleads the jury is improper. *Jackson v. Fontaine's Clinics, Inc.,* 499 S.W.2d 87, 90 (Tex. 1973); *Owens–Corning Fiberglas Corp. v. Martin,* 942 S.W.2d 712, 721–22 (Tex. App.—Dallas 1997, no pet.).

In reviewing the jury charge, the appellate court considers the parties' pleadings, the evidence presented at trial, and the charge in its entirety. *Gutierrez,* 277 S.W.3d at 77. Even if the trial court abuses its discretion, the appellate court will reverse only where the error in the jury charge is shown to be harmful. *Boatland of Houston, Inc. v. Bailey,* 609 S.W.2d 743, 749–50 (Tex. 1980). "'We may not reverse unless the error, when viewed in light of the totality of the circumstances, amounted to such a denial of the rights of the complaining party as was reasonably calculated [to] and probably did cause rendition of an improper judgment.'" *Gutierrez,* 277 S.W.3d at 77 (quoting *DeLeon v. Furr's Supermkts., Inc.*, 31 S.W.3d 297, 300 (Tex. App.—El Paso 2000, no pet.)). Whether the charge submits the proper controlling issues in the case, in terms of theories of recovery or defense, is a question of law, which is reviewed *de novo. Id.*

6

**I.    The trial court did not abuse its discretion by refusing Plaintiff's requested jury instruction on circumstantial evidence, nor did such refusal result in an improper verdict.**

Plaintiff did not cite any case law in Appellant's Brief to support her argument that it is an abuse of discretion to refuse to instruct the jury on circumstantial evidence.  That is because the law is well-settled that it is *not* error to refuse to instruct the jury on circumstantial evidence, regardless of whether or not a party's case depends on circumstantial evidence.  The Texas Supreme Court first analyzed this issue in *Johnson v. Zurich General Acc. & Liab. Ins. Co.*, 205 S.W. 2d 353 (Tex. 1947), where it explained:

> In practically all cases some of the evidence is circumstantial.  Surely a jury understands that it is its function to make reasonable inferences from proven facts, and we are unwilling to sanction a rule based upon the hypothesis that it does not.

*Id*. at 354.  Two years later, the Texas Supreme Court relied on its *Zurich* decision in *Larson v. Ellison*, 217 S.W.2d 420 (Tex. 1949) (holding that it was also not error to instruct the jury on circumstantial evidence).  The Court explained:

> If the charge on circumstantial evidence had not been given, still, as was suggested in the Zurich case, the jurors as men of common sense and sound judgment would certainly have been at liberty, in arriving at a verdict, to make reasonable inferences from proven facts.…  everyday experience tells us the jury would have done that very thing in the absence of the instruction.

7

*Id.* at 467.

The *Zurich* rule has been consistently followed in more recent years. *See, e.g., Daniels v. Southwestern Transp.*, 621 S.W.2d 188, 191 (Tex. App.—Texarkana 1981, no writ) (holding trial court's refusal to give jury instruction on circumstantial evidence was not error); *Adams v. Valley Fed. Credit Union*, 848 S.W.2d 182, 188 (Tex. App.—Corpus Christi 1992, writ denied) ("We find no error in the trial court's determination to exclude the instruction [on circumstantial evidence].").

Here, the trial court clearly did not act without reference to guiding rules or principles when it denied the instruction on circumstantial evidence; therefore, the court did not abuse its discretion.

In any event, the trial court's omission of the circumstantial evidence instruction did not result in an improper verdict. First, the jury undoubtedly understood they were permitted to consider circumstantial evidence. Indeed, in closing argument, Plaintiff's counsel repeatedly argued that the jury should consider the circumstantial evidence in reaching its decision. (1 RR at 67, 74).

Second, the fact that the jury found for Defendant does not mean that the jury ignored the circumstantial evidence. To the contrary, the circumstantial evidence gave rise to an equally plausible inference that Plaintiff's injuries did *not* result from the accident. In other words, the jury could have reasonably inferred

from the circumstantial evidence that Plaintiff had herniated disks prior to the accident, but the accident was so minor that it did not exacerbate her pre-existing condition.

As the Texas Supreme Court has noted, circumstantial evidence often requires a fact finder to choose among opposing reasonable inferences. *Lozano v. Lozano*, 52 S.W.3d 141, 148 (Tex. 2001). And this choice in turn may be influenced by the fact finder's views on credibility. *Id*. at 148-49. Thus a jury is entitled to consider the circumstantial evidence, weigh witnesses' credibility, and make reasonable inferences from the evidence it chooses to believe. *Id*. at 149. If circumstantial evidence will support more than one reasonable inference, it is for the jury to decide which is more reasonable, subject only to review by the trial court and the court of appeals to assure that such evidence is factually sufficient. *Id*. at 148. Notably, Plaintiff does not challenge the sufficiency of the evidence to support the jury's verdict in this case.

In sum, the trial court did not err in refusing the Plaintiff's requested instruction on circumstantial evidence, and omission of the instruction did not result in an improper verdict.

**II.** **The trial court did not abuse its discretion by refusing Plaintiff's requested jury instruction on the "Eggshell Skull" Rule, nor did such refusal result in an improper verdict.**

The trial court also did not abuse its discretion by refusing to instruct the jury on the following "Eggshell Skull" Rule requested by Plaintiff:

> You are instructed that a defendant takes a plaintiff as she finds her. This means that regardless of Debbie Patillo's [sic] physical condition at the time of the incident, she is entitled to recover the damages resulting from the incident, conditioned as she was at the time of the injury. The fact that Debbie Patillo [sic] had physical problems at the time of the incident that made her more susceptible to injury does not, in itself, relieve the Defendant of liability for all damages sustained by Debbie Patillo [sic] that were proximately caused by or aggravated by the incident.

As an initial matter, the Eggshell Skull instruction was properly denied because Plaintiff did not plead, nor testify on direct examination, that she had any condition prior to the accident that made her more susceptible to injury. (CR at 4; 1RR at 21-22). To the contrary, Plaintiff took the position that she was healthy and had no back or shoulder problems prior to the accident. *Id.* Once Plaintiff was impeached with her medical records on cross-examination, Plaintiff's counsel changed course and argued in closing argument that *if* Plaintiff had a pre-existing condition, it was aggravated by the accident.

Second, Plaintiff's requested jury instruction was properly denied because it does not comport with Texas Pattern Jury Charge 28.9 for a "Pre-Existing

10

Condition That Is Aggravated," a copy of which is attached as Appendix Tab 4. Appellant's Brief provides no authority supporting the submission of an instruction on the "Eggshell Skull" Rule or explaining why it should supplant the Texas Pattern Jury Charges. Other courts have similarly rejected instructions on the Eggshell Skull Rule. *See, e.g., Carter v. Johnson*, No. 04-11-00088-CV, 2012 WL 566089 (Tex. App.—San Antonio 2012, no pet.)(affirming trial court judgment where instruction on eggshell skull was denied as incorrect statement of the law).

Finally, the omission of the "Eggshell Skull" instruction did not cause the rendition of an improper verdict, because the jury was properly instructed to determine Plaintiff's damages, if any, that *resulted* from the accident. (CR at 39). Plaintiff's requested instruction was not necessary to assist the jury. In any event, Plaintiff's counsel argued in closing that if Plaintiff had a pre-existing condition, it was asymptomatic before the accident, and that Plaintiff's damages thus resulted from the collision. (1 RR at 74-75). Clearly the jury assessed the credibility of the witnesses and weighed the evidence in determining that the minor accident did not cause Plaintiff's damages. Again, Plaintiff does not challenge the sufficiency of the evidence to support the jury's verdict. The jury's verdict was proper.

## CONCLUSION AND PRAYER

The trial court did not abuse its discretion in refusing Plaintiff's requested jury instructions, nor did such refusal cause the jury to render an improper verdict.

Accordingly, Appellee Sylvia Franco respectfully prays that this Court affirm the trial court's judgment and award Appellee her costs of court and all such other and further relief to which she is justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____

**BARBARA L. HACHENBURG**
State Bar No. 08667070
**KELLI B. SMITH**
State Bar No. 24008053
Three Allen Center
333 Clay Street, Suite 4950
Houston, Texas 77002
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
bhachenburg@germer.com
ksmith@germer.com

**ATTORNEY FOR APPELLEE,
SYLVIA FRANCO**

12

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21ˢᵗ day of December, 2015, Appellee's Brief was filed and served on the following counsel of record in accordance with the Texas Rules of Appellate Procedure as shown below:

Mr. Scott G. Robelen                                    *Via e-file and email*
State Bar No. 16990045
BAILEY & GALYEN
4131 N. Central Expressway, Suite 860
Dallas, Texas  75204
Phone:   (214) 252-9099
Fax:        (214) 520-9941
Email:     srobelen@galyen.com


_____
**BARBARA L. HACHENBURG**


## CERTIFICATE OF COMPLIANCE

1.     This brief complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4(i)(2)(B) because this brief contains 2,722 words, excluding the parts of the brief exempted by Texas Rule of Appellate Procedure 9.4(i)(1).

2.     This brief complies with the typeface and type style requirements of Texas Rule of Appellate Procedure 9.4(e) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word in 14-point Times New Roman font, except for footnotes which are 12-point font.


_____
**BARBARA L. HACHENBURG**

13

## APPENDIX

Tab 1 – League City Chiropractic and Sports Medicine Records, Patient Condition Questionnaire (2 RR, Plaintiff's Exhibit 1 at p. 53)

Tab 2 – Kelsey-Seybold Clinic Records (2 RR, Defendant's Exhibit 1 at 2-5)

Tab 3 – League City Chiropractic and Sports Medicine Records (2 RR, Plaintiff's Exhibit 1 at 37)

Tab 4 – Texas Pattern Jury Charge 28.9

# Tab 1

## PATIENT CONDITION

Patient Name _Denise Postillo_  Date _1-11-11_

*Please list the top two reasons for coming to the clinic. List your main reason (chief complaint) under First Condition and, if applicable, your next complaint under Second Condition. For example, if you have neck and low back pain and neck pain is worse, You would list neck pain under first condition and low back pain under second condition.

**First** Condition _Lower Back Pain_  Date of Onset _2008_

Please explain in detail how your symptoms began _____

_____

_____

Rate the severity of your pain from 1(least) to 10 (severe pain) _8_ Are you able to find a position of comfort? Y (N)

Does pain Interfere with your: Work _✓_ Sleep _✓_ Daily Routine _✓_ Recreation _✓_ Sex life _✓_

Activities or movements that are painful to perform: Sitting _✓_ Standing___ Walking___ Bending _✓_ Lying Down___

Other specific activities that cause pain _____

How would you describe your pain (circle all that apply): (deep) dull stabbing throbbing shooting (aching spasm) (stiffness) (tightness) burning tingling numbness (annoying) slight intense

Is pain (circle): constant comes and goes only with certain activities Worse in (circle): (morning) afternoon (positional)

If pain comes and goes, how long (duration) does the pain last? _hours_

What, if anything, makes the pain better? _Bending over forward_

Does pain radiate to your arms or legs? Y (N) If yes, explain _____

Does pain wake you up at night? (Y) N If yes, explain _____

**Second** Condition_____ Date of Onset_____

Please explain how your symptoms began_____

Does pain interfere with your: Work_____ Sleep_____ Daily Routine_____ Recreation_____ Sex life_____

Activities or movements that are painful to perform: Sitting___ Standing___ Walking___ Bending___ Lying Down___

Other specific activities that cause pain_____ Rate the severity of your pain from 1 to 10 _____

How would you describe your pain (circle all that apply): deep dull stabbing throbbing shooting aching spasm stiffness tightness burning tingling numbness annoying slight intense

Is pain (circle): constant comes and goes only with certain activities Worse in (circle): morning afternoon positional

What, if anything, makes the pain better? _____

Does pain radiate to your arms or legs? Y N If yes, explain_____

**General Information**

List all: Medications _B.C._ _____

  Vitamins_____

  Allergies _Vicodin, Morphine_

Have you had chiropractic care before? (Y) N Who/When _Dr. Cunningham_

Have you seen another doctor for this condition? (Y) N Who/When _10/2010_

List and Describe (Date) any Surgeries/ Hospitalizations/ Fractures/ Pain injections/ Screws or Implants_____

_Fractured ribs & C-section (1991)_

53

# Tab 2

**LEGALPARTNERS, L.P.**
1609 SHOAL CREEK BLVD., STE. 310
AUSTIN, TX 78701
TEL.: 512/440-8187   FAX: 512/440-8780

DEBBIE PATTILLO
V.
SYLVIA FRANCO

RECORDS REGARDING: DEBBIE PATTILLO

RECORD TYPE: MEDICAL RECORDS

RECORDS FROM: KELSEY-SEYBOLD CLINIC
(Including Records of Dr. Meena Eswaren)
8900 Lakes at 610 Drive
Houston, Texas 77054

Reference: 13HOUS00133

DELIVER TO: Leslie McCaffety
David Black & Associates
Four Houston Center, 1221 Lamar, Suite 900
Houston, Texas 77010

# Authorization Used In
# Conjunction With Subpoena



/CLIENT FACE/MH/BS 152821

LAKES AT 610
8900 LAKES AT 610
HOUSTON, TX 77054-2525
KSC COMPLETE CHART

PATTILLO,DEBORAH J
MRN: 07161698
DOB: 4/11/1964, Sex: F
Enc. Date:08/13/10

**Office Visit**                                                         Deborah J Pattillo (MRN 07161698)

## Encounter Information

| Date & Time | Provider | Department | Encounter # | Center |
|---|---|---|---|---|
| 8/13/2010 10:15 AM | Jaesoon W Hite, MD | Cm Family Medicine | 22308841 | CM |

## Reason for Visit

| URI | h/o asthma and bronchitis, need inhaler refill, symptoms worsening x3 months |
|---|---|

## Diagnoses

| AR (allergic rhinitis) | 477.9 |
|---|---|
| Sinusitis | 473.9 |
| Cough | 786.2 |
| WHEEZING | 786.07 |
| LBP (low back pain) | 724.2 |
| Anxiety | 300.00 |

## Allergies as of 8/13/2010

Date Reviewed: 8/13/2010   Reviewed By: Jaesoon W Hite, MD

Not on File

## Immunizations

| Name | Date | Dose | Route | Site |
|---|---|---|---|---|
| Depo-Medrol | Thu Aug 25, 2011 10:20 AM | 40 mg | Intramuscular | Right upper quad. gluteus |
| Given By: Brenda Kauffman Lvn | | | | |
| Influenza Virus Vaccine, age 3 and up | defer-Wed Sep 19, 2012 3:04 PM | | | |
| Given By: | | Deferral: Parent refused vaccine. | | |
| Solu-Medrol | Tue Jan 22, 2013 10:51 AM | 1 ml | Intramuscular | Right upper quad. gluteus |
| Given By: Katrina L Blackmon Lvn | | | | |
| Td- Tetanus & Diphtheria Vaccine (age 7+ years) | 08/13/07 | | | |
| Given By: | | | | |
| Toradol | Thu Nov 15, 2012 1:55 PM | 30 mg | Intramuscular | Right upper quad. gluteus |
| Given By: Irene V Hardy Lvn | | | | |

## Medications the Patient Reported Taking

| | Disp | Refills | Start | End |
|---|---|---|---|---|
| **Albuterol 90 MCG/ACT IN AERS** (Taking/Discontinued) Sig: as directed Class: Historical Med Route: inhalation | | | | 11/30/2010 |

## Medications the Patient Reported Taking (continued)

| | Disp | Refills | Start | End |
|---|---|---|---|---|
| **Albuterol Sulfate 108 (90 BASE) MCG/ACT IN AERS (Taking/Discontinued)**<br>Sig: 2 puffs q 4-6 hours prn for wheezing<br>Class: E-Prescribe<br>Route: inhalation | 1 Inhaler | 1 | 8/13/2010 | 6/22/2011 |
| **Alprazolam 0.25 MG OR TABS (Taking/Discontinued)**<br>Sig: 1 po bid prn for panic attack<br>Route: oral | 30 Tab | 0 | 8/13/2010 | 6/22/2011 |
| **Amoxicillin-Pot Clavulanate 875-125 MG OR TABS (Taking/Discontinued)**<br>Sig: 1 TABLET EVERY 12 HOURS<br>Class: E-Prescribe<br>Route: oral | 28 Tab | 0 | 8/13/2010 | 11/30/2010 |
| **Benzonatate 200 MG OR CAPS (Taking/Discontinued)**<br>Sig: 1 CAPSULE 3 TIMES DAILY AS NEEDED<br>Class: E-Prescribe<br>Route: oral | 60 Cap | 0 | 8/13/2010 | 11/30/2010 |
| **Diclofenac Sodium 75 MG OR TBEC (Taking/Discontinued)**<br>Sig: 1 TABLET TWICE DAILY<br>Class: E-Prescribe<br>Route: oral | 60 Tab | 0 | 8/13/2010 | 12/6/2010 |
| **Fexofenadine HCl 180 MG OR TABS (Taking/Discontinued)**<br>Sig: 1 TABLET DAILY<br>Class: E-Prescribe<br>Route: oral | 30 Tab | 5 | 8/13/2010 | 11/30/2010 |
| **Fluticasone-Salmeterol (ADVAIR DISKUS) 250-50 MCG/DOSE IN AEPB (Taking/Discontinued)**<br>Sig: 1 INHALATION EVERY 12 HOURS<br>Class: Historical Med<br>Route: inhalation | | | | 11/30/2010 |
| **Levonorgest-Eth Estrad 91-Day (SEASONIQUE) 0.15-0.03 &0.01 MG OR TABS (Taking/Discontinued)**<br>Sig: 1 TABLET DAILY<br>Class: Historical Med<br>Route: oral | | | | 6/22/2011 |
| **Methocarbamol 750 MG OR TABS (Taking/Discontinued)**<br>Sig: 1 po qid prn for pain/spasm<br>Class: E-Prescribe<br>Route: oral | 90 Tab | 0 | 8/13/2010 | 11/30/2010 |
| **Multiple Vitamin (MULTIVITAMIN OR) (Taking)**<br>Sig: daily<br>Class: Historical Med<br>Route: oral | | | | |

3

**K Kelsey-Seybold Clinic** LAKES AT 610
8900 LAKES AT 610
HOUSTON, TX 77054-2525
KSC COMPLETE CHART

PATTILLO,DEBORAH J
MRN: 07161698
DOB: 4/11/1964, Sex: F
Enc. Date:08/13/10

## Medication Comments

Medication noted and Reviewed with Patient on 06/24/2013 Wanetta R Chopane

## Meds Comments as of 8/13/2010

Reviewed meds with pt

## Discontinued Medications

| | Reason for Discontinue |
|---|---|
| Alprazolam 1 MG OR TABS | Error |
| Amoxicillin 500 MG OR TABS | Treatment Completed |
| Alprazolam 1 MG OR TABS | Error |
| Alprazolam 0.25 MG OR TABS | Reorder |

## Ordered Medications

| | Disp | Refills | Start | End |
|---|---|---|---|---|
| Amoxicillin-Pot Clavulanate 875-125 MG OR TABS (Discontinued)<br>Sig - Route: 1 TABLET EVERY 12 HOURS - oral<br>Class: E-Prescribe | 28 Tab | 0 | 8/13/2010 | 11/30/2010 |
| Fexofenadine HCl 180 MG OR TABS (Discontinued)<br>Sig - Route: 1 TABLET DAILY - oral<br>Class: E-Prescribe | 30 Tab | 5 | 8/13/2010 | 11/30/2010 |
| Albuterol Sulfate 108 (90 BASE) MCG/ACT IN AERS (Discontinued)<br>Sig - Route: 2 puffs q 4-6 hours prn for wheezing - inhalation<br>Class: E-Prescribe | 1 Inhaler | 1 | 8/13/2010 | 6/22/2011 |
| Diclofenac Sodium 75 MG OR TBEC (Discontinued)<br>Sig - Route: 1 TABLET TWICE DAILY - oral<br>Class: E-Prescribe | 60 Tab | 0 | 8/13/2010 | 12/6/2010 |
| Methocarbamol 750 MG OR TABS (Discontinued)<br>Sig - Route: 1 po qid prn for pain/spasm - oral<br>Class: E-Prescribe | 90 Tab | 0 | 8/13/2010 | 11/30/2010 |
| Benzonatate 200 MG OR CAPS (Discontinued)<br>Sig - Route: 1 CAPSULE 3 TIMES DAILY AS NEEDED - oral<br>Class: E-Prescribe | 60 Cap | 0 | 8/13/2010 | 11/30/2010 |
| Alprazolam 0.25 MG OR TABS (Discontinued)<br>Sig - Route: 1 po bid prn for panic attack - oral | 30 Tab | 0 | 8/13/2010 | 6/22/2011 |

## All Results

**CHEST PA LATERAL [27813932]**                Resulted: 08/13/10 1108, Result Status: Final
result

4

**Kelsey-Seybold Clinic**   LAKES AT 610
8900 LAKES AT 610
HOUSTON, TX 77054-2525
KSC COMPLETE CHART

PATTILLO,DEBORAH J
MRN: 07161698
DOB: 4/11/1964, Sex: F
Enc. Date:08/13/10

**All Results (continued)**

**CHEST PA LATERAL [27813932] (continued)**   Resulted: 08/13/10 1108, Result Status: Final result

| | | | |
|---|---|---|---|
| Resulted by: | Patrick M Conoley, MD, FACR | Performed: | 08/13/10 1059 – 08/13/10 1106 |
| Resulting Lab: | RADIOLOGY | | |
| Narrative: | History: Chronic cough dyspnea | | |
| | Images: 2 views of the chest | | |
| | Findings: | | |
| | The lungs are hyperinflated. | | |
| | No active cardiopulmonary disease is seen. | | |
| | There are old, healed fractures of left sided ribs. | | |

**Vitals - Last Recorded**

| BP | Pulse | Temp(Src) | Resp | Ht | Wt |
|---|---|---|---|---|---|
| 108/70 | 84 | 99.7 °F (37.6 °C) (Oral) | 20 | 5' 3" (1.6 m) | 150 lb 3.2 oz (68.13 kg) |

BMI
26.61
kg/m2

Vitals History Recorded

**Progress Notes**

**Jaesoon W Hite, MD** Physician  8/16/2010  8:06 AM  Signed
**URI**
This is a new problem. Episode onset: 2 weeks ago. The problem has been gradually worsening. The maximum temperature recorded prior to her arrival was 100 – 100.9 F. The fever has been present for 1 to 2 days. Associated symptoms include congestion, coughing, rhinorrhea, sinus pain, sneezing, a sore throat and wheezing. Pertinent negatives include no abdominal pain, chest pain, dysuria, ear pain, headaches, nausea, plugged ear sensation, rash, swollen glands or vomiting. Treatments tried: just finished amoxicillin, albuterol.

**Back Pain**
This is a new problem. The current episode started in the past 7 days. The problem occurs constantly. The problem is unchanged. The pain is present in the lumbar spine. The pain does not radiate. The pain is at a severity of 7/10. The symptoms are aggravated by bending and twisting. Pertinent negatives include no abdominal pain, bladder incontinence, bowel incontinence, chest pain, dysuria, fever, headaches, leg pain, numbness, paresis, paresthesias, pelvic pain, perianal numbness, tingling, weakness or weight loss. She has tried NSAIDs for the symptoms.

NEW PATIENT.

She has been on xanax daily for anxiety attack  But she did not on any other antianxiety med.
She reports that she has been on xanax 1 mg 1 daily but check her recent xanax refill showed from her previous doctor was 0.25 mg  1-2 tabs prn

5

Tab 3

 **League City Chiropractic and Sports Medicine**

1200 East Main Street
League City, TX 77573
Phone: 281-332-3428
Fax:     281-332-7593

January 28, 2011

**Patient**
Deborah Pattillo – Subsequent Report

**History**
The patient is in for re-exam of her left shoulder. She states she had a chronic 2-year history of left shoulder pain that was exacerbated by the motor vehicle collision on 12/27/2010. The patient has been noticing that left shoulder pain has continued to get gradually worse within the last few visits. Ms. Patillo notices that her left shoulder feels "loose" and she is able to move her shoulder with her right hand.

**Exam**
DTRs and motor reflexes are within normal limits. Active shoulder range of motion: she has pain in forward flexion throughout the entire motion. She has restriction in internal and external passive shoulder range of motion. Hypertonicity was felt in the infraspinatus and supraspinatus with moderate tenderness to palpation, and she had hypertonicity also in the subscapularis and teres minor with mild tenderness to palpation. There is some laxity in P-A capsule challenge with shoulder in neutral position. All other shoulder orthopedic tests were negative and within normal limits.

**Plan**
Begin ultrasound and interferential therapy to the left shoulder for pain control. Also begin soft tissue myofascial technique to the above-mentioned muscles to reduce adhesions in the muscle and help with inflammation. We will begin a shoulder rehabilitation program with the patient once pain has reached 50% reduction to strengthen surrounding muscles. The patient will continue to be treated 2 x a week. The shoulder will be monitored for approximately 3 weeks and then be re-evaluated.

**Brian Sansalone, D.C.**

37

# Tab 4

PJC 28.9      **Personal Injury Damages—Exclusionary Instruction for Preexisting Condition That Is Aggravated**

Do not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the occurrence in question.