FINANCIAL INSURANCE COMPANY,
Appellant,

v.

William RAGSDALE, Appellee.

No. 08–04–00018–CV.

Court of Appeals of Texas,
El Paso.

June 30, 2005.

Christopher J. Ameel, Law Offices of Harris & Harris, Austin, for Appellant.

Barry L. Hart, Law Office of Barry L. Hart, Odessa, for Appellee.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from a jury verdict in a workers' compensation case against the employer's carrier, plaintiff below, related to a workers' compensation claim determining the impairment rating governing Appellee's claim for benefits. For the reasons stated, we affirm.

## I. SUMMARY OF THE EVIDENCE

Appellee, William Ragsdale, was employed by MR Drilling or MR Oil located in Monahans, Texas during the time period from approximately 1985 until 1999 as a production superintendent. In March of 1999, Mr. Ragsdale suffered a stroke that left him with some physical limitations. In May of 1999, Mr. Ragsdale returned to work for MR Oil or Drilling and was employed as a relief pumper.

While checking oil field tanks on the morning of July 15, 2001, Appellee slipped

and fell down a flight of steps used to access the top of the tank. He fell down the entire distance of the stairs and testified to injuring his head. A company field foreman found Appellee and took him home. While at home, he suffered some type of seizure and was hospitalized. Appellee testified that he remained unaware of his surroundings for five days until he "woke up" in the hospital.

Appellee filed a workers' compensation claim related to the incident. Appellee's treating physician, Dr. Kadir, issued a Texas Workers' Compensation Commission Form, stating that Ragsdale reached maximum medical improvement on November 26, 2001, with a 0 percent impairment rating. Appellee requested that a designated doctor be appointed in conformance with the Texas Labor Code.

The Commission appointed Steven Ellsworth, M.D. as the Commission's designated doctor for review of this claim. Dr. Ellsworth prepared a TWCC–69 and a written report. He adopted the finding that Appellee had reached maximum medical improvement on November 26, 2001, but evaluated Appellee's impairment rating as 10 percent on the TWCC–69 form. In the body of his written report, however, Dr. Ellsworth reflected that he had determined various impairment ratings for injuries related to the incident and determined that:

> Combining these impairments would give a whole person impairment of 67%. Then the next question becomes, how much of this impairment is attributable to the new accident. As discussed above, I believe that it is reasonable to say that there has been a clear decrement in function. I believe that with the absence of new cerebral infarction, I will assign 15% of the impairment to the new accident to give 10% whole person impairment attributable to this accident.

> The apportionment of the impairment is a judgment on my part with regard to the history and records that I have reviewed.

A contested case hearing was held on October 17, 2002 at which time the hearing officer determined that Appellee's impairment rating was 10 percent as determined by the TWCC designated doctor, Dr. Steven Ellsworth. Appellee appealed the ruling and that decision was reversed by the Texas Workers' Compensation Commission Appeals Panel in Appeals Panel Decision No. 030534. The Appeals Panel, specifically considering Dr. Ellsworth's report, held that "it was error for the hearing officer to adopt the apportioned IR assigned by Dr. E. We reverse Finding of Fact No. 6 and Conclusion of Law No. 3 and render a new decision that the claimant's IR is 67% in accordance with the opinion of the designated doctor."

On May 19, 2003, Appellant filed its lawsuit seeking judicial review of the decision. Appellee, defendant Ragsdale below, filed a motion for partial summary judgment which was granted, striking the 10 percent impairment rating assigned by Dr. Ellsworth on the grounds that it was an improper apportioned rating. Appellant challenged the 67 percent impairment rating established by the Appeals Panel via a cross-motion for partial summary judgment which was denied.

On November 4, 2003, the case went to trial solely on the issue of the impairment rating. The jury charge asked one question:

> What is William Ragsdale's impairment rating as a result of his compensable injury of July 15th, 2001?

> You are instructed that the impairment rating must be one of the following and that you are not authorized to assign any other impairment rating.

Answer by placing an "X" in front of one of the following impairment rating percentages of the whole body:

_____ 0% Dr. Abdul Kadir

_____ 67% Dr. Steven Ellsworth

The jury responded with 67%.

During the course of the trial, the court entered various evidentiary rulings striking the Appellant's proffered doctors' testimony being presented via deposition. Appellant attempted to present the testimony of Dr. Kadir, Dr. Ellsworth, and Appellant's retained expert, Dr. Martin Heitzman. The trial court did not allow the deposition testimony for the reason that Appellant's attorney did not segregate the proffered, arguably admissible, testimony from the remainder of the testimony, stating that no evidence of a new or different impairment rating may be presented to the jury. Stated another way, he ruled that at trial, because Appellant refused to segregate and insisted that the entire depositions of both the treating and designated doctors be admitted, Appellant's evidence was struck.

The trial court entered judgment on the jury's verdict and awarded attorney's fees to Appellee. This appeal follows.

## II. ISSUES ON APPEAL

Appellant presents three issues on appeal with sub-issues argued in Issues One and Two. Issue One challenges the trial court's jury question regarding the proper impairment rating, arguing that the trial court erred in not submitting the designated doctor's impairment rating of 10 percent as a matter of law. Appellant asserts that it was error for the trial court to strike the designated doctor's impairment rating of 10 percent; that the proper alternative impairment rating to consider is 14 percent; and that the jury should not have been allowed to consider an impairment rating of 67 percent.

Issue Two complains of the exclusion of the deposition testimony of Doctors Kadir, Ellsworth, and Heitzman. Issue Three complains of the attorney's fees awarded on the grounds that they are excessive and constitute an abuse of discretion.

Appellee asserts that Appellant has failed to complain of the trial court's granting of Appellee's motion for summary judgment and has, therefore, waived any argument. We are free to consider any issue that may be reasonably inferred from the issue presented. We believe that the issue as presented is adequate to preserve Appellant's complaint regarding the trial court's submission of the limited issue to the jury. The statement of an issue or point will be treated as covering every subsidiary question that is fairly included. TEX.R.APP. P. 38.1(e).

## III. STANDARD OF REVIEW– ISSUE ONE

We review a trial court's submission of jury questions and instructions under an abuse of discretion standard, recognizing there is a presumption in favor of broad-form submission of questions. TEX.R. CIV. P. 277; *Texas Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990); *Mobil Chem. Co. v. Bell*, 517 S.W.2d 245, 256 (Tex.1975). The trial court has wide discretion in submitting explanatory instructions and definitions. *Wisenbarger v. Gonzales Warm Springs Rehabilitation Hosp., Inc.*, 789 S.W.2d 688, 692 (Tex.App.-Corpus Christi 1990, writ denied). But whether a charge submits the controlling issues in a case, in terms of proper theories of recovery or defense, is a question of law we review *de novo*. *See Cimarron Country Property Owners Ass'n v. Keen*, 117 S.W.3d 509, 511 (Tex.App.-Beaumont 2003, no pet.); *DeLeon v. Furr's Super-*

*markets, Inc.,* 31 S.W.3d 297, 300 (Tex. App.-El Paso 2000, no pet.).

## A. Issue One

Though Appellant complains on appeal of the issue presented to the jury, it is, in substance complaining of the trial court's decision regarding the percentage of impairment rating selected. Appellant argues that the options presented to the jury did not accurately reflect the designated doctor's reported impairment rating. The designated doctor's report determined Appellee's impairment rating to be 10 percent which he indicated on the TWCC–69 and in the body of the report. The Workers' Compensation Appeals Panel looked beyond the formal conclusion, however, and determined that the rational articulated by the doctor in support of his decision was improper. The Appeals Panel specifically held that because the doctor "noted that he believed all of the conditions for which he assigned a rating, including the visual field, were present prior to the compensable injury, but were worsened by the fall. Accordingly, it was error for the hearing officer to adopt the apportioned IR assigned by Dr. E." Texas Workers' Compensation Appeals Panel Decision 030534.

Texas Workers' Compensation law has evolved into a complex system of progressive administrative hearings that provide for review of the employee's injury and provide for compensation within the framework of the statutory scheme. The Texas Workers' Compensation Commission is the body charged with adjudicative powers over the process.

■ The commission resolves disputed claims through a three-stage hearing process: (1) the benefit review conference, (2) the contested case hearing, and (3) the administrative appeal. The benefit review conference, like the former prehearing conference, is an informal proceeding aimed at resolving the disputed issues by mutual agreement. Tex. Lab.Code Ann. § 410.021 (Vernon 1996). The presiding "benefit review officer," after "thoroughly inform[ing] all parties of their rights and responsibilities," mediates the dispute. *Id.* § 410.026(a) (Vernon 1996). The officer may direct questions to the parties, but he or she may not take testimony or make a formal record. *Id.* § 410.026(c), (d). The officer does, however, prepare a written report detailing each issue not settled at the conference. *Id.* § 410.031 (Vernon 1996). This report must include the officer's recommendation regarding those issues and a recommendation regarding the payment or denial of benefits. *Id.* The officer may issue an interlocutory order directing the insurer to pay benefits. *Id.* § 410.032 (Vernon Supp.2004–05).

The parties then proceed to a contested case hearing, a formal evidentiary proceeding with sworn testimony and prehearing discovery procedures. *Id.* §§ 410.151– 410.169 (Vernon 1996 and Supp.2004–05). The hearing officer decides the disputed issues by written decision containing factual and legal findings, awarding benefits if they are due. *Id.* § 410.168(a) (Vernon Supp.2004–05). The hearing officer's decision is binding during the pendency of an administrative appeal and is final in the absence of appeal. *Id.* § 410.169 (Vernon 1996).

Any party may appeal the hearing officer's decision to an appeals panel within the commission. *Id.* § 410.202 (Vernon 1996 and Supp.2004–05). The request for appeal and the opposing party's response must "clearly and concisely rebut or support the decision of the hearing officer on each issue on which review is sought." *Id.* § 410.202(c). After considering these briefs and the record from the contested case hearing, the appeals panel may affirm the decision of the hearing officer, reverse

and render a new decision, or remand no more than one time to the hearing officer for further consideration and development of the record. *Id.* § 410.203 (Vernon 1996); *Texas Workers' Compensation Com'n v. Garcia,* 893 S.W.2d 504, 515 (Tex. 1995).

■ The commission's final decision may be appealed to the courts under what might best be described as modified *de novo* review. For all issues regarding compensability of the injury (for example, whether it occurred in the course and scope of employment) and eligibility for and the amount of income and death benefits, there is a right to trial by jury. TEX. LAB.CODE ANN. § 410.304 (Vernon 1996). The party appealing bears the burden of proof by a preponderance of the evidence. *Id.* § 410.303 (Vernon 1996). The jury, although informed of the commission's decision, is not required to accord it any particular weight. *Id.* § 410.304(a). Further, the opinion of the designated doctor regarding impairment is accorded no special weight.

In determining the extent of impairment, however, the jury must adopt the specific rating of one of the physicians in the case. *Id.* § 410.306(c) (Vernon 1996). Evidence of the extent of impairment is limited to that presented to the commission unless the court makes a threshold finding that the claimant's condition has substantially changed, in which case new impairment evidence may be introduced. *Id.* §§ 410.306(c), 410.307 (Vernon 1996). If the parties dispute whether the claimant's condition has substantially changed, the court must hear from the designated doctor, whose opinion is controlling on this issue "unless the preponderance of the other medical evidence is to the contrary." *Id.* § 410.307(b). The court's finding of substantial change of condition is not revealed to the jury. *Id.* § 410.307(e).

Issues other than compensability of the injury and eligibility for and the amount of income and death benefits are reviewed by the court under the substantial evidence rule. *Id.* § 410.255 (Vernon 1996); *Garcia,* 893 S.W.2d at 515.

The report of the designated doctor has presumptive weight, and the commission shall base its determination of whether the employee has reached maximum medical improvement on the report unless the great weight of the other medical evidence is to the contrary. TEX. LAB.CODE ANN. § 408.122 (Vernon Supp.2004–05).

## B. Discussion

■ It is clear from the facts presented to us that the only issue under dispute between the parties and to be resolved by the jury was the extent of impairment suffered by Appellee. The jury was required to adopt the specific rating of one of the physicians in the case. The trial court was clearly bound by the ratings that were presented for its consideration. In this case, the Commission, through its Appeals Board, made the finding that the claimant's IR was 67 percent in the opinion of the designated doctor. The other evidence presented to the trial court was the opinion of Dr. Kadir, Appellee's treating physician, who rendered a finding of 0 percent IR. The trial court was well within its discretion in determining that the only IR options available for consideration by the jury were the 67 percent designated by the Commission Appeals Panel and the 0 percent rating of Dr. Kadir.

We agree with Appellee that the legislature clearly addressed benefits to be paid an employee suffering the aggravation of a previous injury as distinguishable from an impact on the impairment rating suffered by an employee. Section 408.084 of the Texas Labor Code provides:

(a) At the request of the insurance carrier, the commission may order that impairment income benefits and supplemental income benefits be reduced in a proportion equal to the proportion of a documented impairment that resulted from earlier compensable injuries.

(b) The commission shall consider the cumulative impact of the compensable injuries on the employee's overall impairment in determining a reduction under this section.

(c) If the combination of the compensable injuries results in an injury compensable under Section 408.161, the benefits for that injury shall be paid as provided by Section 408.162.

TEX. LAB.CODE ANN. § 408.084 (Vernon 1996).

Section 408.084 provides that the commission may reduce the actual benefits paid an employee as a result of a prior compensable injury. It does not contemplate the reduction of the impairment rating as a result of the injury. We agree with Appellee that the legislature differentiated between the reduction of certain benefits under the act and any impairment rating to be assigned for a subsequent injury, although we also note that Section 408.084 does not address the situation of an employee with a pre-existing condition which is not the result of a prior compensable injury.

The trial court was limited in its presentation of the issue to the jury by the Labor Code. The trial court was correct that the impairment ratings to be presented to the jury were limited to the 0 percent finding of Dr. Kadir or the "whole person impairment" of Dr. Ellsworth. Section 410.306 of the Texas Labor Code provides that at trial, evidence of extent of impairment shall be limited to that presented to the commission. TEX. LAB.CODE ANN. § 410.306(c). This procedural limitation

encourages parties to present relevant evidence during administrative proceedings, thus increasing the accuracy and efficiency of those proceedings. *Old Republic Ins. Co. v. Rodriguez*, 966 S.W.2d 208, 209 (Tex.App.-El Paso 1998, no pet.). We note that the evidence which may be submitted to the commission is not limited by the statute.

Limited evidentiary review during the trial *de novo* is, however, clearly contemplated by the statute.

Here, the only impairment ratings presented to the trial court were included in the jury charge. We overrule Issue One.

## IV. *ISSUE TWO*

Issue Two challenges the trial court's exclusion of the deposition testimony of three doctors proffered by Appellant.

Appellant provided the video deposition testimony of Dr. Kadir, Appellee's treating physician, Dr. Ellsworth, the designated doctor, and Dr. Heitzman, Appellant's expert. The question of the admissibility of the testimony of the three doctors was addressed at various times during pretrial hearings and during pretrial communications among the parties. The trial court ruled that any evidence regarding the extent of the impairment rating of Appellee that had not been previously presented to the Commission was inadmissable. The trial court also held that any evidence that did not address the extent of impairment was admissible. The testimony was excluded on the basis that the testimony was not segregated according to the admissible portions of the deposition. During a discussion outside the presence of the jury, the trial judge asked Appellant's attorney to segregate the portions of Dr. Kadir's deposition which he contended was not new evidence of the extent of impairment. Counsel responded, "Respectfully, sir, on

behalf of my client, I submit that none of the deposition of Doctor Kadir is barred by Section 410.306 of the Labor Code." The court indicated that he was excluding the deposition testimony of the doctor because counsel had refused to segregate.

Similarly, with regard to Dr. Ellsworth's deposition, Appellant remained stalwart that the entire deposition should be admitted. The trial court excluded the deposition testimony because Appellant's attorney did not comply with the specific instructions of the trial court to designate which questions of each deposition were being tendered as evidence not related to the impairment rating.

■ Appellant did present a portion of Dr. Heitzman's deposition to the jury, but complains about the excluded portions. We agree that the legislature has expressly limited the extent of judicial review with regard to the issue of impairment rating and has specifically limited the evidence which may be presented to the jury to that which was previously presented to the commission. In the case before us, the only issue to be resolved was the question of the impairment rating to be assessed. A review of the record supports the trial court's decision in light of the broad discretion a trial court has regarding the management of the trial. It is clear that Appellant's attorney refused to segregate any portion of the testimony. Appellant's attorney did not make an offer of proof as contemplated by the rules for the preservation of excluded evidence. *See* TEX.R. EVID. 103. Though Appellant provides a summary of proffered testimony attached to its brief in the appendix and admitted the depositions as exhibits during the trial, no formal bill of exception was made to preserve the specific proffered testimony. *See* TEX.R.APP. P. 33.2. Recognizing that Texas Labor Code Section 410.306(c) significantly limits the admissibility of any evidence, we have previously held, however, that the statute does not prohibit all evidence not presented to the commission. It prohibits only evidence of the extent of impairment not presented to the commission. *Rodriguez*, 966 S.W.2d at 209. Here, we believe that the trial court was within its discretion in excluding the deposition testimony proffered and the evidence was not properly preserved for appellate review. We overrule Appellant's Issue Two.

## V. *ISSUE THREE*

■ In Issue Three, Appellant complains that the award of attorney's fees in this case was excessive and an abuse of discretion. We agree with Appellee that Texas Labor Code Section 408.221(c) provides that an insurance carrier may be liable for the reasonable and necessary attorney's fees incurred by the claimant. TEX. LAB.CODE ANN. § 408.221(c) (Vernon Supp.2004–05).

Appellee prevailed at trial and the parties agreed to submit the issue of attorney's fees to the court for determination. The trial court heard evidence that the reasonable and necessary attorney's fees through post-verdict motions in the case was $25,000, a fee of $10,000 for an appeal to the Court of Appeals and $5,000 for an appeal to the Supreme Court. No controverting witnesses or evidence was presented. Appellant argued that the amount reflected an hourly wage of $377.36 based upon the testimony of 66.25 hours of work in litigation of Appellee's case. We note that the judgment contemplated compensation for Appellee's attorney through post-verdict motions and of necessity includes time after the trial testimony presented by Appellee's witness. The trial court was free to recognize the other factors for compensation contemplated by the act as well as consideration of the benefit

the attorney was responsible for securing as allowed by the statute. *See* TEX. LAB. CODE ANN. § 408.221.

■ The standard of review of an award of attorney's fees is sufficiency of the evidence. *See Carlile v. RLS Legal Solutions, Inc.*, 138 S.W.3d 403, 409 (Tex. App.-Houston [14th Dist.] 2004, no pet.); *see also Aquila Southwest Pipeline, Inc. v. Harmony Exploration, Inc.*, 48 S.W.3d 225, 240 (Tex.App.-San Antonio 2001, pet. denied). When a party attacks the legal sufficiency of an adverse finding on an issue it did not have the burden to prove at trial, it must demonstrate that there is no evidence to support the adverse finding. *Carlile*, 138 S.W.3d at 409. In reviewing a no-evidence issue, we consider all of the record evidence in a light most favorable to the verdict and indulge every reasonable inference from that evidence in support of the verdict. *Id.* We must determine whether the proffered evidence as a whole rises to a level that would "enable reasonable and fair-minded people to differ in their conclusions." *Carlile*, 138 S.W.3d at 409–10; *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex.1994); *Aquila*, 48 S.W.3d at 236.

■ A challenge to the legal sufficiency of the evidence must be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997); *Carlile*, 138 S.W.3d at 410. "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than

a scintilla and, in legal effect, is no evidence." *Carlile*, 138 S.W.3d at 410; *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983).

■ When reviewing a challenge to the factual sufficiency of the evidence, we must consider all of the evidence in the record. *Carlile*, 138 S.W.3d at 410; *see Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989). If a party is attacking the factual sufficiency of an adverse finding when the other party has the burden of proof, that party must demonstrate that there is insufficient evidence to support the adverse finding. *Carlile*, 138 S.W.3d at 410; *Aquila*, 48 S.W.3d at 236.

■ In reviewing a factual insufficiency challenge, we weigh and examine all of the evidence which supports the verdict and that which is contrary to it. *Carlile*, 138 S.W.3d at 410. We set aside the verdict only if the evidence is so weak the verdict is clearly wrong and manifestly unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *Carlile*, 138 S.W.3d at 410.

■ When reviewing the reasonableness of an award of attorney's fees, we should consider: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945

S.W.2d 812, 818 (Tex.1997); *Carlile,* 138 S.W.3d at 410. Fees determined to be reasonable and necessary for the prosecution of the suit may be awarded. *Carlile,* 138 S.W.3d at 410; *Aquila,* 48 S.W.3d at 241.

We do not have to give details of supporting evidence when upholding factual sufficiency of the evidence underlying the trial court's judgment. *Zeptner v. Zeptner,* 111 S.W.3d 727, 735 (Tex.App.-Fort Worth 2003, no pet.); *Ellis County State Bank v. Keever,* 888 S.W.2d 790, 794 (Tex.1994). Here, however, there was ample evidence in the record to support the trial court's findings regarding the attorney's fees. We overrule Appellant's Issue Three.

Having overruled each of Appellant's issues on review, we affirm the judgment of the trial court.